UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANE MARSTON,<br><br>        Plaintiff,<br><br>  v.<br><br>JESSE REESE, CORRECTIONS OFFICER MARY BRONGIL, DANIELLA (CLINE) HAMLING, JOHN DOE #1 (1ST SHIFT SERGEANT), and DAVID TITUS (JOHN DOE #2),<br><br>        Defendants. | No. C13-5516-RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  MAY 9, 2014 |

  This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Presently before the Court are two motions filed by plaintiff.  Plaintiff's motions are: a motion for additional time to conduct discovery and a motion to voluntarily dismiss the action and waive the filing fee.  Dkt. 22 and 25.  Defendants opposed plaintiff's motion for additional time to conduct discovery but they agree to dismissal of the action without prejudice.  Dkt. 24 and 26.  Defendants argue that the filing fee cannot be waived. Dkt 26.  The Court recommends granting plaintiff's motion to dismiss the action

REPORT AND RECOMMENDATION - 1

without prejudice and denying all other pending motions. Pursuant to the Prison Litigation Reform Act, 28 U.S. C. § 1915(b)(1), the Court cannot waive payment of the filing fee as requested by plaintiff. Dkt. 25.

## STANDARD OF REVIEW

Fed. R. Civ. P. 41(a) addresses voluntary dismissal of actions. The rule states:

 (a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendants filed an answer on August 14, 2013, Dkt 14, and because an answer has been filed plaintiff needs a court order to dismiss his action. Fed. R. Civ. P. 41(a)(2) allows a party to dismiss their action by order of the Court on terms that the Court considers proper.

## DISCUSSION

REPORT AND RECOMMENDATION - 2

Defendants do not object to dismissal of the action without prejudice. Dkt. 26. Accordingly the parties agree to that portion of plaintiff's request. The only issue is whether plaintiff must still pay the filing fee.

28 U.S.C. § 1915(b)(1) states "if a prisoner brings a civil action or files an appeal in form pauperis, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court does not have the option of waiving the filing fee in this case.

**CONCLUSION**

For the reasons stated above, the undersigned recommends that the Court dismiss the action without prejudice but that plaintiff pay the full filing fee. Because this case will be dismissed the undersigned also recommends denying all other outstanding motions.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 9, 2014,** as noted in the caption.

**DATED** this 16th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3